**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4387**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEONTAE J. HARGRAVE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:15-cr-00037-REP-1)

Submitted:  April 22, 2020                    Decided:  May 13, 2020

Before MOTZ and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, S. David Schiller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deontae J. Hargrave pled guilty, pursuant to a written plea agreement, to robbery affecting interstate commerce ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (2018) (Count 1), and using, carrying, possessing, brandishing, and discharging a firearm in relation to a crime of violence, to wit: the Hobbs Act robbery charged in Count 1, in violation of 18 U.S.C. § 924(c)(1) (2018) (Count 2). Hargrave's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious grounds for appeal. We identified one potentially meritorious issue and ordered the parties to submit supplemental briefs on that issue: the reasonableness of the sentence on Count 2.[1] For the reasons that follow, we conclude that the sentence on Count 2 is unreasonable.[2]

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). First, we verify "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2018)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

---

[1] Hargrave was appointed new counsel for supplemental briefing.

[2] In its brief filed in accordance with the supplemental briefing order, the Government seeks, for the first time, to invoke the appellate waiver provision in Hargrave's plea agreement. We decline to enforce the appeal waiver at this late juncture in the proceedings.

2

chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.*

When rendering a sentence, the district court must place on the record an explanation based on the particular facts of the case. *United States v. Carter*, 564 F.3d 325, 328, 330 (4th Cir. 2009). "A district court's explanation of its sentence need not be lengthy, but the court must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (brackets and internal quotation marks omitted). It must also be sufficient "for this Court to engage in meaningful appellate review." *United States v. Ross*, 912 F.3d 740, 745 (4th Cir.) (citation and internal quotation marks omitted), *cert. denied*, 140 S. Ct. 206 (2019).

Under U.S. Sentencing Guidelines Manual § 2K2.4(b) (2014), for a non-career offender such as Hargrave, "the guideline sentence [for a § 924(c) offense] is the minimum term of imprisonment required by statute." Hargrave's statutory mandatory minimum sentence on Count 2 was 10 years' imprisonment because he discharged a firearm during a crime of violence. 18 U.S.C. § 924(c)(1)(A)(iii). However, the district court imposed a 180-month term of imprisonment on Count 2, 60 months above the statutory minimum sentence.

Hargrave first argues that his sentence on Count 2 was procedurally unreasonable in light of Rule 32(h), Fed. R. Crim. P., because the court failed to provide notice of its

3

intention to impose a variant sentence or an upward departure. Rule 32(h) requires the sentencing court to give advance notice of its intent to depart from the Guidelines range on a ground not identified in the presentence report or the parties' prehearing submissions. To the extent that Hargrave received a variant sentence on Count 2, the Supreme Court has squarely held that Rule 32(h) "does not apply to 18 U.S.C. § 3553 variances." *Irizarry v. United States*, 553 U.S. 708, 714 (2008). In any event, the Government requested a 15-year sentence on Count 2 in its supplemental sentencing memorandum and the discussion at the sentencing hearing focused exclusively on information in the PSR and the parties' filings. We conclude that Hargrave's argument is unpersuasive.

Next, Hargrave contends that his sentence is unreasonable because the court failed to articulate a reason for imposing a sentence five years higher than the Guideline sentence. The district court offered little explanation for imposing a term 50% greater than the Guideline sentence for Count 2. The court referred to this sentence as "the mandatory part of the sentence" and stated that it was reasonable under the circumstances. The court referenced the § 3553(a) factors, stating that the sentence was intended to deter Hargrave, to promote respect for the law, and to protect the public. But the court did not specify whether the sentence was intended as an upward departure or as a variance and the Statement of Reasons indicated that the court imposed the mandatory minimum sentence and did not impose a sentence outside of the Guidelines range. For these reasons, we conclude that the district court failed to adequately explain the sentence on Count 2 and that the sentence on Count 2 is unreasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm Hargrave's convictions on Counts 1 and 2 and his sentence on Count 1, but we vacate his sentence on Count 2 and remand for further proceedings. This court requires that counsel inform Hargrave, in writing, of the right to petition the Supreme Court of the United States for further review. If Hargrave requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hargrave. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*